DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTOR O. MURATTI-STUART,**
Appellant,

v.

**DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION,
CONSTRUCTION INDUSTRY LICENSING BOARD,**
Appellee.

No. 4D14-3270

[August 26, 2015]

Appeal from State of Florida, Department of Business and Professional Regulation, Construction Industry Licensing Board, L.T. Case No. 2014-05758.

Eduardo Aybar Landrau of Aybar Landrau & Nizio, P.L., Miami, for appellant.

Pamela Jo Bondi, Attorney General, and Marlene K. Stern, Assistant Attorney General, Tallahassee, for appellee.

LEVINE, J.

Appellant appeals an order of Florida's Construction Industry Licensing Board denying his application for a certified marine specialty contractor's license based on insufficient experience. In this case, we find competent substantial evidence supports the denial and, as such, we affirm.

Appellant, a civil engineer, filed an application for a certified marine specialty contractor's license. The Construction Industry Licensing Board denied his application for failure to demonstrate the required experience pursuant to section 489.111, Florida Statutes, and Florida Administrative Code Rule 61G4-15.001. Appellant filed a petition for review, challenging the Board's findings and submitting two affidavits which he had not included in his original application. One affidavit was from appellant's supervisor at a previous job outside of Florida. The other affidavit, from appellant's supervisor at his current job of two years, stated that appellant was "exposed to substantial field work including marine construction related activities . . . ."

At the outset of an informal hearing, one Board member commented that an applicant must control the "means and methods of production." Also during the hearing, the Board asked appellant whether his work experience included performance of the scope of work required for a marine contractor license, or whether he was simply a quality engineer and observer. Appellant stated that he supervised workers, helped the project manager with the bid, made submissions to the U.S. Army Corps of Engineers, and did daily reports and schedules. After the informal hearing, the Board upheld the denial, finding that appellant "failed to establish the required experience in the licensure classification at the hearing or through the submission of additional information."

On appeal, appellant limits his claim to the assertion that the Board erroneously interpreted the work experience requirement in the law and therefore exceeded its authority by "imposing additional criteria" to the work experience requirement. Appellant bases his argument on statements made by Board members during the informal hearing. Appellant further asserts that there was not competent substantial evidence to sustain the Board's findings.

An agency's interpretation of a statute is entitled to great deference unless the agency's interpretation conflicts with the plain and ordinary meaning of the statute. *Fla. Hosp. v. Agency for Health Care Admin.*, 823 So. 2d 844, 848 (Fla. 1st DCA 2002). An agency's denial of a license application will be affirmed if competent substantial evidence supports the decision. *Comprehensive Med. Access, Inc. v. Office of Ins. Reg.*, 983 So. 2d 45, 46 (Fla. 1st DCA 2008); § 120.68(7)(b), Fla. Stat. (2014). "Competent substantial evidence is such evidence that is 'sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.'" *Comprehensive Med. Access*, 983 So. 2d at 46 (citation omitted).

Although an agency is generally entitled to deference, that deference is not unlimited. "[A] court need not defer to an agency's construction or application of a statute if special agency expertise is not required, or if the agency's interpretation conflicts with the plain and ordinary meaning of the statute." *Fla. Hosp.*, 823 So. 2d at 848. Thus, if the agency is "not operating in an area of special expertise" this court "need not defer to its special knowledge." *Greseth v. Dep't of Health & Rehab. Servs.*, 573 So. 2d 1004, 1007 (Fla. 4th DCA 1991).

It is a basic truism of the law and reinforced by the United States Supreme Court that "[i]t is undoubtedly the right of every citizen of the

United States to follow any lawful calling, business, or profession he may choose . . . ." *Lowe v. Sec. & Exch. Comm'n*, 472 U.S. 181, 228 (1985) (citation omitted). "Occupational freedom, the right to earn a living as one chooses, is a nontrivial constitutional right entitled to nontrivial judicial protection." *Patel v. Texas Dep't of Licensing & Regulation*, 58 Tex. Sup. Ct. J. 1298 (Tex. June 26, 2015) (Willett, J., concurring). However, "there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed . . . for the protection of society." *Lowe*, 472 U.S. at 228 (citation omitted). Further, an agency may administer "[r]egulations on entry into a profession, as a general matter" as long as the regulations "have a rational connection with the applicant's fitness or capacity to practice." *Id.*

The United States Supreme Court has also recognized that "the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation." *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999). However, "[t]he great deference due state economic regulation does not demand judicial blindness to the history of a challenged rule or the context of its adoption nor does it require courts to accept nonsensical explanations for naked transfers of wealth." *St. Joseph Abbey v. Castille*, 700 F.3d 154, 165 (5th Cir. 2012).

Appellant sought licensure as a marine contractor. A marine contractor is defined as

> a specialty contractor qualified and certified by the board to perform any work involving the construction, repair, alteration, extension and excavation for fixed docks, floating docks, boathouses, mooring devices, mooring fields, seawalls, bulkheads, piers, wharfs, boatlifts, boat ramps, revetments, cofferdams, wave attenuators, dune crossovers and other marine structures and activities, including pile driving, framing, concrete, masonry, dredge and fill, and wood shingle, wood shakes, or asphalt or fiberglass shingle roofing on a new structure of his or her own construction.

Fla. R. Admin Code R. 61G4-15.033(2).

Section 489.111(2)(c)1. requires that the applicant have "1 year of proven experience in the category in which the person seeks to qualify." Rule 61G4-15.001(1)(a) requires the applicant to submit affidavits of "[a]ctive experience in the category in which the applicant seeks to qualify."

The rule further states that such affidavits must be prepared or signed by the following:

> a state certified Florida contractor, or an architect or engineer, in the applicant's category, who is licensed in good standing or a licensed building official, who is active in the applicant's category, employed by a political subdivision of any state, territory or possession of the United States who is responsible for inspections of construction improvements . . . .

*Id.*

In the instant case, it cannot be said that the Board erred in interpreting the law regarding the requisite one year of experience required for a marine contracting license. The statements and questions asked by the Board during the informal hearing do not support appellant's claim that the Board imposed "additional criteria" to the work experience requirement. Further, competent substantial evidence supports the Board's finding that appellant did not have the requisite experience. Initially, appellant concedes that his former supervisor's affidavit did not meet the requirements of rule 61G4-15.001. Additionally, although appellant's current supervisor submitted an affidavit stating that appellant was "exposed to substantial field work including marine construction related activities," it was within the Board's discretion to find such evidence insufficient to establish the requisite experience. The Board could have found that mere exposure to "marine construction related activities" was insufficient. Moreover, it was unclear specifically what type of marine construction related activities appellant was exposed to, or over what period of time.

In sum, based on the record before the Board, it cannot be said that the Board erred in finding that appellant did not have the requisite experience for a marine contractor license as required pursuant to section 489.111 and rule 61G4-15.001.

*Affirmed.*

STEVENSON and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4